UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                              Criminal Action No. 4:24-CR-0023-RGJ-HBB-1

RICHARD BOARMAN                                                                             Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion of Defendant, Richard Boarman ("Boarman" or "Defendant"), to review and revoke the Magistrate Judge's detention order. [DE 140]. The United States responded. [DE 152]. The Court has reviewed the parties' filings, the full audio of the detention hearing, and has sufficient information. This matter is now ripe for adjudication. For the reasons set forth below, no hearing is necessary and Defendant's motion [DE 140] is **DENIED**.

## I.   BACKGROUND

On August 6, 2024, a grand jury issued an Indictment charging eight individuals, including Boarman, with Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). [DE 1]. Boarman was arraigned on August 15 and a detention hearing was held August 27, 2024. [DE 34; DE 50]. Following the August 27 detention hearing, United States Magistrate Judge H. Brent Brennenstuhl entered an Order of Detention Pending Trial pursuant to 18 U.S.C. § 3142. [DE 51]. A Superseding Indictment was issued in this case on October 16, 2024 with the same charge against Boarman, plus additional charges of, four counts of Distribution of Methamphetamine, one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. 922(g), and one count of Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. 924(c)(1)(A). [DE 62].  On April 25, 2025, Boarman

filed the instant motion. [DE 140]. He argues the Magistrate Judge's order did not check any of the boxes pertaining to the reasons for his detention and no reasons were written. He also argues he has a bed available for him at the Lighthouse treatment facility in Owensboro and could be employed on the family farm after treatment concludes. The United States responded. [DE 152].

## II.   STANDARD OF REVIEW

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." This Court reviews a Defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.1985).

Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will *reasonably assure* the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(emphasis added); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004)(noting that the requirement is not one of "guarantee," but instead "reasonable assurance"). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the district court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

>community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(1)-(4). A judge's finding that no set of conditions will reasonably assure the appearance of the person and/or the defendant poses a threat to the safety of any other person in the community must be supported by clear and convincing evidence. *Id.* at § 3142(f)(2)(B). Proof of risk for flight is determined by a preponderance of the evidence. *United States v. Kirk*, No. 93-1459, 1993 US App. LEXIS 12069 at 2 (6th Cir May 13, 1993).

### III. DISCUSSION

#### 1. Presumption of detention under § 3142(e).

Section 3142(e) of the Bail Reform Act requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in certain types of cases. Specifically, when the judicial officer finds that there is probable cause to believe that the defendant committed one of the crimes listed in § 3142(e)(3), there is a presumption in favor of detention: "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id*. at § 3142(e)(3). The presumption of § 3142(e)(3) imposes a burden of production on the defendant,

requiring the defendant to come forward with evidence that he poses no danger to the community or is a risk of flight. However, even when a defendant satisfies his burden of production, the presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the court. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). It is the government's ultimate burden to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. *Id*. at 947.

The indictment charges Boarman with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) which is an offense listed in 3142(e)(3)(A) which carries a maximum term of imprisonment of 10 years or more and prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). Moreover, Boarman has since been charged in the superseding indictment with with four counts of Distribution of Methamphetamine, one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. 922(g), and one count of Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. 924(c)(1)(A), which are offenses listed in 3142(e)(3)(A) and (B). The indictment and superseding indictment are sufficient to establish probable cause to believe Boarman. committed the charged offenses. *Stone*, 608 F.3d at 945 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) and stating "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged."). This finding of probable cause triggers the presumption of detention under §3142(e)(3). Additionally, both parties agreed during the detention hearing and in the present briefing that this is a presumption case. Accordingly, it is undisputed that the presumption of detention applies.

At the detention hearing, Boarman argued that he could rebut the presumption of detention. Boarman asserted that he is 49 years old and a life-long resident of the community, has family

4

living in and tied to the community, works in the family business, and could continue his employment, and lives with his brother on the family farm. He also asserted that, while the current charges would be a violation of his probation, that he has been on probation for three to four years with no other violations, all negative drug tests, and during which time he completed in-patient drug treatment and rehabilitation. He argued there is no evidence of flight risk. He noted he has no escape charges. His family was willing to post a security bond. As to danger to the community, he argued his criminal history is not violent and he could continue to be monitored by probation. He also argued there are no firearms offenses, although that has changed since his detention hearing. As the Magistrate Judge found, the Court does not find that these factors overcome the presumption, but even if they had, the presumption remains a factor to be considered by the Court along with the other factors listed in § 3142(g). The Court will examine each factor in turn.

### 2. Factors to be considered under § 3142(g).

#### i. <u>Nature and circumstances of the offense charged.</u>

First, the Court considers "the nature and circumstances of the offense charged," but this is especially significant in instances where "the offense . . . involves a controlled substance, [or a] firearm." 18 U.S.C. § 3142(g)(1). Here, the nature and circumstances of the offense charged are serious and pertain to the defendant's involvement with controlled substances as well as firearms. The United States proffered at the detention hearing that Boarman. played a directing role in bringing significant quantities of methamphetamine to this jurisdiction and that these transactions were supported by a Title III wiretap of Boarman's telephone number. In addition, since his arrest he has been charged with firearms offenses, despite being a convicted felon. Accordingly, this factor weights in favor of a finding of detention.

      ii. <u>Weight of the evidence against the Defendant.</u>

 Second, as to the weight of the evidence against Boarman., this factor specifically refers to the weight of the evidence of dangerousness and not the weight of the evidence of guilt. *Stone*, 608 F.3d at 948. Boarman's criminal history indicates a risk of re-offending and of violating release, as he committed the current offense while on shock probation, which presents a threat to the community. Moreover, his prior criminal history includes trafficking charges which are much like the charges levied in this case. At the time of his arrest, he was found in a hotel room with a co-defendant where officers found methamphetamine, a digital scale, and a firearm. A firearm was also located at that time in his vehicle. Also, the United States presented evidence at the detention hearing that Boarman has been in communication with a co-defendant via jail phone calls and that Boarman has threatened harm over the alleged stealing of his firearms. And his communications while in jail demonstrate an intention to leave Davies County if he were released. The Court finds, as the Magistrate Judge did at the detention hearing, substantial evidence of Boarman's dangerousness, as well as potential flight. Accordingly, this factor weighs in favor of detention.

      iii. <u>History and characteristics of the Defendant.</u>

 Third, the Court considers the history and characteristics of Boarman which include a wide range of factors such as the defendant's character, family ties, employment, financial resources, criminal history, and whether, at the time of the current offense or arrest, the defendant was on release pending trial. Here, Boarman is a life-long resident of the community and has family ties in the community. He was previously employed in the family business or farm, where he also resided with his brother. He completed an in-patient drug treatment program in recent years. He

also now seeks additional drug treatment at Lighthouse treatment facility and then home confinement.

Finally, the Court considers whether Boarman was "on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law" at the time of the current offense or arrest. 18 U.S.C. § 1342(g)(3)(b). As noted, Boarman was on shock probation at the time of the current alleged offenses. Accordingly, this factor, on the whole, weighs in favor of detention.

### iv. Nature and seriousness of the danger to any person or the community.

Fourth, the nature and seriousness of the danger to any person or the community that would be posed by Boarman's release must be considered. Given the proffer of the United States regarding his alleged criminal activities as well as the methamphetamine, scale, and firearm found in the hotel room at the time of his arrest, along with the prohibited communications with a co-defendant and threats regarding his firearms, the Court finds, as the Magistrate Judge did at the detention hearing that this factor weighs in favor of detention. The Court does not find that a GPS ankle monitor and home confinement to be sufficient to assure the risk to the community.

## IV.   CONCLUSION

After reviewing the relevant materials *de novo*, the audio recording from Magistrate Judge's detention hearing, the Court concludes that there is no condition or combination of conditions to reasonably assure the safety of the community and the appearance of Boarman; therefore, Boarman should remain in the custody of the United States Marshals Service pending trial of this matter.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Revoke Detention Order [DE 140] is **DENIED**.

7

Rebecca Grady Jennings, District Judge
United States District Court

May 13, 2025

Copies to:   Counsel of record
             Probation Office